UNITED STATES DISCTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


UNITE HERE, LOCAL 737, AFL-CIO,

     LOCAL 737,

and                                                                                        CASE NO.:

WALT DISNEY PARKS AND RESORTS, U.S.

     DISNEY.

_____/

<u>COMPLAINT TO COMPEL ARBITRATION</u>

     LOCAL 737, UNITE HERE, LOCAL 737, AFL-CIO ("LOCAL 737") alleges as follows:

     1.    The court has jurisdiction pursuant to Section 301 of the National Labor Relations Act (hereafter referred to as the "NLRA"), as amended, 29 U.S.C. §185, and 28 U.S.C. §1331.

     2.    LOCAL 737, LOCAL 737, is a voluntary, unincorporated association and is a labor organization as defined in Section 152(5) of the NLRA, 29 U.S.C. §152(5), and Florida Statutes.

     3.    LOCAL 737 has its principal office at 7800 Southland Blvd. Suite 157, Orlando, FL 32809.

4.   DISNEY, WALT DISNEY PARKS AND RESORTS U.S., INC. ("DISNEY"), is an employer as defined in Section 152(2) off the NLRA, 29, U.S.C. § 152(2) and Florida Statutes.

5.   DISNEY has its principal office at 1375 Buena Vista Drive, 4th Floor North, Lake Buena Vista, FL, 32830.

6.   Venue is appropriate in this District.

### Statement of Facts and Procedural History

7.   LOCAL 737 is an affiliate of a six-member association of unions known as the Service Trade Council Union ("STCU").   LOCAL 737 and the STCU have been certified under the NLRA as the collective bargaining representative as the collective bargaining representative of certain DISNEY employees.

8.   LOCAL 737 and DISNEY executed and placed into effect a collective bargaining agreement, hereinafter referred to as the "Agreement," covering the period from September 24, 2017 through October 1, 2022 (a true and correct copy of which is incorporated herein by reference and appended hereto as Exhibit A); the Agreement governs the wages, hours and other terms and conditions of employment of the DISNEY employees represented by LOCAL 737 and the STCU.

9.   Article 19 of the Agreement establishes a grievance-arbitration procedure to resolve disputes arising under the Agreement.

10.   On or about November 9, 2021, LOCAL 737 filed a grievance regarding station sizes at Le Cellier, a DISNEY a la carte restaurant (the "Grievance"). (A true and correct copy of the Grievance is incorporated herein by reference and appended hereto as Exhibit B).

11. The parties mutually selected Ms. Sheila Mayberry (the "Arbitrator") to serve as the Arbitrator to resolve the Grievance pursuant to Article 19, Step 4 of the Agreement.  On or about March 1 and 2, 2023, the Arbitrator conducted a hearing regarding the Grievance.

12. LOCAL 737 and DISNEY submitted post-arbitration briefs on arguments and issues on May 3, 2023, and on June 5, 2023, the Arbitrator granted the grievance stating:  "The Company violated Addendum B-1, Table Service (2) of the collective bargaining agreement by failing to maintain the current station size of 14-16 at Le Cellier restaurant for the life of the current CBA.  The Company is ordered to immediately return the station size at Le Cellier to 14-16 and to make whole all employees who were affected by the violation, retroactive only to fourteen calendar days before November 9, 2021."  (A true and correct copy of the Arbitrator's Decision and Award is incorporated herein by reference and appended hereto as Exhibit C).

3

13.    The Arbitrator returned the matter to the parties to negotiate the details of the remedy and retained jurisdiction for ninety days after the date of the Decision and Award "in the event the parties [were] unable to agree on a remedy."

14.    In regard to the remedy the Arbitrator stated that "in general, the remedy should be tips the affected servers lost as a result of the violation."

15.    By August 3, 2023, DISNEY had failed to make LOCAL 737 whole as mandated by the Decision and Award and LOCAL 737 reached out to the Arbitrator to invoke the Arbitrator's jurisdiction to resolve the remedy pursuant to the Decision and Award. (A true and correct copy of LOCAL 737's letter to the Arbitrator, is herein incorporated by reference and appended hereto as Exhibit D.)

16.    On or about April 22, 2025, DISNEY sent email communication to LOCAL 737 titled *Le Cellier Remedy Proposal*, raising its procedural arbitrability objections, but offering the lump sums of $1500 for each Full-Time server and $900 for each Casual Regular (part-time)  who continuously worked at Le Cellier from October 21, 2023 through July 4, 2023. (A true and correct copy of DISNEY's proposal is herein incorporated by reference and appended hereto as Exhibit E.)

17.    LOCAL 737 declined the offer because it failed to make whole all members affected by DISNEY's violation.

18. On or about April 30, 2025, LOCAL 737 reached out to the Arbitrator requesting a hearing on the remedy.(A true and correct copy of the email to Arbitrator is herein incorporated by reference and appended hereto as Exhibit F.)

19. On or about May 5, 2025, the Arbitrator responded providing hearing dates, and requested that DISNEY confirm whether it agreed to a hearing on the remedy issue. (A true and correct copy of the email from the Arbitrator to the parties is herein incorporated by reference and appended hereto as Exhibit G.)

20. That same day, DISNEY responded stating, "The Company has consented to allow this matter to be heard. The Company, however, believes that the Arbitrator's jurisdiction has expired and the request for a remedy has been abandoned." (A true and correct copy of the email from DISNEY to Arbitrator is herein incorporated by reference and appended hereto as Exhibit H.).

21. On or about May 8, 2025, the Arbitrator reached out to the parties stating, "Given that the Employer has consented to a hearing, and despite a lapse in my jurisdiction to resolve issues relating to the remedy in this case, is it your understanding that both parties have appointed me to hear the remedy issue?" (A true and correct copy of the email from Arbitrator to Parties is herein incorporated by reference and appended hereto as Exhibit I.).

22. On or about May 14, 2023, DISNEY responded as follows: "Based on your acknowledgement that your jurisdiction in this matter has lapsed, the

Company has lost the ability to litigate this issue (i.e., a procedural concern).  In order for the Company to argue that there is no underlying remedy, the Company would have to waive jurisdiction.  Under the circumstances, the Company is not willing to waive jurisdiction and therefore, does not appoint the Arbitrator to hear the remedy issue." (A true and correct copy of the email from DISNEY to Arbitrator is herein incorporated by reference and appended hereto as Exhibit J.).

23.    Although DISNEY alleged that it consented to a hearing, it is now refusing to go to an arbitration hearing on the remedy issue.

24.  LOCAL 737 has not abandoned the remedy; DISNEY has simply failed to comply to with Decision and Award in that it must make LOCAL 737 members "whole."

25.  DISNEY now refuses to arbitrate on the issue of the remedy.

26. Any issues of procedural arbitrability raised by DISNEY or any alleged abandonment of a remedy, should be resolved by the Arbitrator.

 COUNT I – THE COURT SHOULD COMPEL ARBITRATION OF THE REMEDY PURSUANT TO 29 U.S.C. §185

27.    LOCAL 737 re-alleges and incorporates Paragraphs 1 – 26 of the Complaint.

28.    The Arbitrator issued a Decision and Award granting the grievance and ordering DISNEY to make LOCAL 737 members whole.

29.  DISNEY refuses to make the Union members whole, as required by the Decision and Award.

COUNT II – THE COURT SHOULD ENFORCE THE ARBITRATION AWARD

30.  LOCAL 737 re-alleges and incorporates Paragraphs 1 – 26 of the Complaint.

31.  On May 5, 2025, and thereafter, DISNEY refused to abide by the arbitration award.

WHEREFORE, given the party's enforceable agreement and the Decision and Award to make whole, which DISNEY refuses to abide by, the Court should enter an order compelling arbitration and remanding the case to the Arbitrator so that the remedy issue can be heard.

Dated this 23rd day of May, 2025.

_/s/ Richard Siwica____
Richard Siwica, Esquire
Florida Bar No. 377341
Beatriz L. Annexy, Esquire
Florida Bar No. 1019573
EGAN, LEV & SIWICA, P.A.
Post Office Box 2231
Orlando, Florida 32802
Telephone: (407) 422-1400
Facsimile:  (407) 422-3658
Primary Email:  rsiwica@eganlev.com
Primary Email: banneyx@eganlev.com
Secondary Email:  dvaughan@eganlev.com

*Attorney for LOCAL 737*